UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER JOHNSON,

        Plaintiff,                            Case No. 12-cv-15260

v                                                Honorable Thomas L. Ludington

CARMEN PALMER,

        Defendant.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO
APPOINT COUNSEL AND MOTION FOR A NEW TRIAL OR HEARING**

On December 15, 2008, Petitioner Christopher Johnson was charged with two counts of first-degree criminal sexual conduct, one count of attempted first-degree criminal sexual conduct, and one count of fourth-degree criminal sexual conduct. Petitioner's charges stemmed from the repeated sexual assault of his daughter, "NJ." Following a bench trial in the Wayne County Circuit Court, Petitioner was convicted of two counts of first-degree criminal sexual conduct and acquitted of the other charges. In January 2009, Petitioner was sentenced to prison terms of 20 to 40 years for each conviction. The Michigan Court of Appeals and the Michigan Supreme Court affirmed Petitioner's conviction and sentencing.

On November 29, 2012, Petitioner filed a petition for habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). On that same day, Petitioner also filed a motion to appoint counsel and a motion for new trial; both motions are presently before the court. (ECF No. 3, 4).

**I**

In his first motion, Petitioner is seeking appointment of counsel to assist him in his habeas petition. Mot. to Appoint Counsel 1, ECF No. 3. Petitioner does not have a constitutional

right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas prisoner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases," and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). When "determining whether exceptional circumstances exist," courts generally examine the "complexity of the factual and legal issues involved" and the plaintiff's ability to represent himself. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id*.

In the present case, Petitioner has not shown exceptional circumstances that would warrant appointment of counsel. Petitioner's petition for writ of habeas corpus raises six claims for relief: ineffective assistance of trial counsel, ineffective assistance of appellate counsel, prosecutorial misconduct, insufficient evidence, improperly scored sentencing guidelines, and a verdict that was against the great weight of the evidence. In his motion to appoint counsel, Petitioner claims that "there is little guidance available in this area of law," thereby making the appointment of counsel "essential." Mot. to Appoint Counsel 2. Petitioner undercuts his own claim, however, by citing to numerous federal and state cases in his motions and brief. The substantive issues in Petitioner's petition are not so complex that they have prevented Petitioner

from pursuing his case. Petitioner has thus demonstrated that he has the means and ability to present his claims to the Court; therefore, the interests of justice do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

## II

In his second motion, Petitioner asserts that a *Ginther* hearing[1] should be held because the record is incomplete on the subject of whether he received ineffective assistance from his trial counsel.

When a petitioner seeks habeas relief on a claim that has been "adjudicated on the merits in state court proceedings," 28 U.S.C. § 2254(d)(1), federal court review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). If a petitioner raises a claim not adjudicated on the merits by the state courts, the federal court has discretion to consider new evidence under 28 U.S.C. § 2254(e)(2). *Id.* at 1401. Section 2254(e)(2) bars a federal court from holding an evidentiary hearing unless petitioner's claim relies on a new rule of constitutional law, the claim relies on a factual predicate that could not have been previously discovered, or the facts underlying the claim could establish that no reasonable factfinder would have found the petitioner guilty of the underlying offense.

In this case, the state courts adjudicated Petitioner's ineffective assistance of trial counsel claims. Petitioner's appellate counsel specifically requested a *Ginther* hearing from the Michigan Court of Appeals. Pet. for Habeas Corpus 24, ECF No. 1. Although the state courts did not explicitly address Petitioner's request for a *Ginther* hearing, they denied his claim for ineffective assistance of trial counsel, thereby implicitly rejecting his request for a *Ginther* hearing.

---

[1] While Petitioner's motion cites a case, *People v. Ginther*, 390 Mich. 436 (1973), regarding an evidentiary hearing in state court, it is clear that Petitioner seeks an evidentiary hearing in *this* Court, not in state court.

Petitioner seeks relief under § 2254(d)(1), arguing that the state court's adjudication was an unreasonable application of clearly established federal law. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review." *Pinholster*, 131 S. Ct. at 1400. Thus, under *Pinholster*, the Court's review is confined to the record before the state courts and the Court denies Petitioner's request for an evidentiary hearing pursuant to *People v. Ginther*.

### III

Finally, Petitioner requests a new trial because his trial counsel was ineffective. This request, however, repeats the same argument from his habeas petition—that because he received ineffective assistance from his trial counsel, he should be granted a new trial. Thus, the request is duplicative of the habeas petition. When the Court addresses the merits of the petition, the Court will decide whether a new trial is warranted. The Court retains discretion to afford whatever relief, if any, the Court deems appropriate after reviewing the merits of the petition.

### III

Accordingly, it is **ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 3) is **DENIED**.

It is further **ORDERED** that Petitioner's Motion for a New Trial or Hearing (ECF No. 4) is **DENIED**.

    s/Thomas L. Ludington  
    THOMAS L. LUDINGTON  
    United States District Judge

Dated: September 20, 2013

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and upon Christopher Johnson #242324, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI 49660 by first class U.S. mail on September 20, 2013.

    s/Tracy A. Jacobs  
    TRACY A. JACOBS