## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHRISTOPHER JOHNSON,

                Petitioner,            Case Number 12-cv-15260
                                            Hon. Judith E. Levy

v.

CARMEN PALMER,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Michigan state prisoner Christopher Johnson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, challenges his convictions for two counts of first-degree criminal sexual conduct. Respondent argues that the petition should be denied because the claims are meritless. For the reasons discussed below, the Court will deny the petition.

## I.    Facts

Johnson's conviction arises from the sexual assault of his daughter,

N.J.,[1] when she was 15 years old.   N.J. testified that she had little contact with her father from the time she was three or four years old until she was 14.   When she was 14, Johnson came back into her life and she and her brother, who both lived with her mother, would occasionally spend the night at Johnson's house.   A few days after her fifteenth birthday, N.J. and her brother spent the night at Johnson's house.   N.J. testified that she was alone in the living room when Johnson told her he was about to see if she was a virgin.   He told her to bend over the couch, which she did because she feared him.   Johnson then had vaginal intercourse with her.   He warned her not to tell anyone or he would kill her.   She did not tell anyone, but did not return to her father's house for approximately seven months.

In March or April 2007, she again stayed at Johnson's house.   He touched her breast, but had no further sexual contact with her that day. In April or May 2007, N.J. began visiting her father every other weekend.   She did not want to go but feared he would think she had told someone what he had done if she stopped visiting.   One morning, in

---

[1]   Because the victim was a minor at the time of the offense and at the time of trial, the Court will refer to her by her initials to preserve her privacy.

April or May 2007, he performed oral sex on her.   Following this incident, N.J. stopped going to her father's house.

Five or six months after she stopped going over her father's house, she finally told her mother what had happened and the police were contacted.

Johnson testified in his own defense.   He denied the allegations of sexual assault.   He testified that, in 2006, N.J.'s mother contacted him about discipline issues with N.J. and he, in response, discussed the issues with N.J.   He told N.J. that her mother was concerned about her lying and involvement with boys and that her mother would place her in a juvenile detention facility if she did not straighten out her life.   In 2007, N.J. failed to come home from a boy's house at the agreed upon time.   Johnson telephoned her and the two argued.   He then threatened to place her in juvenile detention.

## II.   Procedural History

Following a bench trial, Johnson was convicted in Wayne County Circuit Court of two counts of first-degree criminal sexual conduct.   On January 7, 2009, he was sentenced to 20 to 40 years' imprisonment for

3

each conviction.

Johnson filed an appeal of right in the Michigan Court of Appeals and raised these claims: (i) insufficient evidence was presented to support the convictions; (ii) ineffective assistance of counsel; and (iii) offense variable 4 was incorrectly scored in determining his sentence. The Michigan Court of Appeals affirmed his convictions. *People v. Johnson*, No. 290279, 2010 WL 673365 (Mich. Ct. App. Feb. 25, 2010). The Michigan Supreme Court denied Johnson leave to appeal. *People v. Johnson*, 487 Mich. 856 (2010).

Johnson filed a motion for relief from judgment in the trial court. He raised these claims: (i) trial counsel was ineffective for failing to request a grand jury to establish probable cause and for failing to object when the prosecutor bolstered the victim's credibility; and (ii) appellate counsel was ineffective for not raising these claims on direct appeal. The trial court denied the motion. *People v. Johnson,* No. 08-006502-01-FC (Wayne County Cir. Ct. June 2, 2011). Johnson's application for leave to appeal to the Michigan Court of Appeals was denied, *People v. Johnson*, No. 305414 (Mich. Ct. App. Dec. 27, 2011), as

was his application for leave to appeal to the Michigan Supreme Court.

*People v. Johnson*, 492 Mich. 866 (Mich. 2012).

Johnson then filed the pending habeas petition.  He raises these claims:

> I.    Trial counsel was ineffective by not advising his client of his right to go before a grand jury as a means of forcing the prosecution to show that there is enough merit to bring charges against Petitioner.
>
> II.   Prosecutorial misconduct occurred when the prosecutor argued facts not in evidence and vouched for a witness's credibility.
>
> III.  Trial counsel was ineffective when he failed to object to prosecutorial misconduct, and when the prosecutor argued facts not in evidence and vouched for the credibility of the witness.
>
> IV.   Appellate counsel was ineffective for failing to raise prosecutorial misconduct related to the prosecutor vouching for a witness' credibility.
>
> V.    Insufficient evidence presented to sustain convictions.
>
> VI.   Verdict was against the great weight of the evidence.
>
> VII.  Trial counsel was ineffective in failing to use a letter written by the victim for impeachment.
>
> VIII. Guidelines were improperly scored.

## III.  Standard of Review

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant

the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 786 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the

claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal citation and quotation marks omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).

Finally, a federal habeas court must presume the correctness of

state court factual determinations.   28 U.S.C. § 2254(e)(1).   A petitioner may rebut this presumption only with clear and convincing evidence.   *Id.*; *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.   Discussion

### A.   Ineffective Assistance of Trial Counsel Claims

Johnson raises three claims of ineffective assistance of trial counsel (habeas claims one, three, and seven).   He argues that counsel was ineffective in: (i) not advising him that he had the right to go before a grand jury; (ii) failing to object to prosecutorial misconduct; and (iii) failing to impeach the victim.   Respondent argues that the first and second of these claims are procedurally defaulted.   "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits."   *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).   "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."   *Lambrix*, 520 U.S. at 525.   In this case, the Court finds

9

that the interests of judicial economy are best served by addressing the merits of this claim.   The Court makes the same finding with respect to all of the claims respondent argues are procedurally defaulted.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance."   *Id.* at 690.   This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."   *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome."   *Id.* at 694.   A court's review of counsel's performance must

10

be "highly deferential." *Id.* at 689.   Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009).   "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation marks omitted).

Johnson argues first that his attorney was ineffective in failing to advise him that he had a right to demand that the prosecutor present the case to a grand jury.   The state trial court found this claim meritless because, under Michigan law, a criminal defendant may be charged by information or by indictment.   *See* Order Denying Motion for Relief from Judgment, June 2, 2011 at 3.   Indeed, the Michigan Supreme Court has clearly held that "[c]riminal prosecutions may be initiated in the court having jurisdiction over the charge upon the filing of an information . . . There is no state constitutional right to indictment by grand jury; rather, indictment by grand jury is an alternative charging procedure created by

11

the Legislature." *People v. Glass*, 464 Mich. 266, 278 (2001).   Counsel, therefore, was not ineffective in failing to request a grand jury proceeding when one was not required under state law.

Next, Johnson argues that his attorney was ineffective in failing to object to prosecutorial misconduct.   As discussed separately below, Johnson fails to show that the prosecutor engaged in any form of misconduct.   Counsel cannot be ineffective for failing to raise a meritless objection. *Conley v. Warden Chillicothe Correctional Inst.,* 505 F. App'x 501, 508 (6th Cir. 2012).

Finally, Johnson argues that his attorney was ineffective in failing to impeach the victim with a letter that she allegedly wrote to him.   The letter, dated November 8, 2006, does not bear a recipient's name, nor does it bear a clear signature.   The letter contains affectionate words for the recipient.   Johnson argues this, therefore, would have impeached the victim's testimony that he assaulted her.

The Michigan Court of Appeals found Johnson's argument unpersuasive:

> Defendant argues that defense counsel was ineffective for not offering NJ's November 8, 2006, letter or question her regarding its contents.   Defendant has not overcome the

12

presumption that counsel's decision not to offer the letter was sound trial strategy. *Id.* In the letter, NJ referenced defendant as "my baby" and signed the letter "Daddy's Girl." She also asked defendant to get himself together. Defense counsel could have reasonably concluded that the tone of the letter was inappropriate and that NJ's request that defendant get himself together might indicate some wrongdoing on his behalf.

Defendant has also failed to establish prejudice because the letter does not indicate that defendant did not sexually assault NJ or otherwise contravene her trial testimony. In the letter, NJ stated that her family was moving to Atlanta and she wanted to stay in Detroit with defendant instead of moving. NJ asked that defendant get himself together to make this happen and revealed that she had had a boyfriend for the previous eight months. Although the letter was apparently written after one of the sexual assaults, it did not contradict NJ's testimony that defendant sexually assaulted her. Defendant has not demonstrated a reasonable probability of a different result had the letter been admitted as evidence or had counsel questioned NJ regarding the letter during trial. *Toma*, 462 Mich. at 302-303, 613 N.W.2d 694; *Moorer*, 262 Mich.App. at 75–76, 683 N.W.2d 736.

Accordingly, defendant was not denied the effective assistance of counsel at trial, and the trial court therefore did not err by denying his motion for a new trial.

*Johnson*, 2010 WL 673365 at *2-3.

The Michigan Court of Appeals reasonably applied *Strickland* in denying this claim. As the state court noted, defense counsel reasonably could have determined that, because the letter did not

13

disprove any of the elements of the charged crimes, the risk that the jury would view the statement that the recipient should get himself together as indicating some culpability was too great. Moreover, as the state court reasonably concluded, Johnson failed to show any prejudice because the letter was not in any way exculpatory nor did it contradict the victim's trial testimony.

### B.    Prosecutorial Misconduct Claim

In his second claim for habeas relief, Johnson argues that he was denied a fair trial by the prosecutor's misconduct. He claims the prosecutor argued facts not in evidence when she argued in closing argument that the victim's testimony was consistent and that the prosecutor improperly vouched for the victim's credibility.

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *Parker v. Matthews*, __ U.S. __, 132 S. Ct. 2148, 2153 (2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they so infected the trial with

unfairness as to make the resulting conviction a denial of due process."
*Parker*, 132 S. Ct. at 2153 (internal quotation marks omitted).   This
Court must ask whether the Michigan Court of Appeals' decision
denying petitioner's prosecutorial misconduct claims "was so lacking in
justification that there was an error well understood and comprehended
in existing law beyond any possibility for fairminded disagreement." *Id.*
at 2155 (internal quotation marks omitted).

A prosecutor is permitted "to argue reasonable inferences from the
evidence," but is not permitted to misstate the evidence.   *Byrd v.
Collins*, 209 F.3d 486, 535 (6th Cir. 2000).   A prosecutor may not, during
closing argument, reference "any purported facts that are not in evidence
and are prejudicial."   *Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir.
2002).   Here, the prosecutor's statement that the victim's story
remained consistent throughout the proceeding did not introduce facts
not in evidence.   The prosecutor simply argued that the consistency of
the victim's story helped to establish her credibility.   This was not an
improper argument.

Johnson further argues that the prosecutor improperly vouched for

15

the victim's credibility when she stated that no evidence was presented to show why the victim would fabricate allegations against her father. Prosecutors may not vouch for a witness's credibility. Prosecutorial vouching and an expression of personal opinion regarding the accused's guilt

> pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.

*United States v. Young*, 470 U.S. 1, 18-19 (1985). "[T]he *Darden* standard is a very general one, leaving courts more leeway … in reaching outcomes in case-by-case determinations." *Parker*, 132 S. Ct. at 2155 (internal quotation marks omitted). It was not improper for the prosecutor to ask the judge to consider the victim's motive for testifying. The prosecutor did not imply that she had some special information about prosecution witnesses' testimony or credibility. Therefore, no misconduct has been shown.

16

**C.   Sufficiency of the Evidence and Great Weight of the Evidence Claims**

Johnson's fifth and sixth claims address the adequacy of the evidence presented.  He argues that the evidence was insufficient to support his convictions and that the verdict was against the great weight of the evidence.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).  On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  In the habeas context, "[t]he *Jackson* standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (internal quotation marks omitted).

"Two layers of deference apply to habeas claims challenging

17

evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). Second, if the Court were "to conclude that a rational trier of fact could *not* have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Id.* Indeed, the Jackson standard is "exceedingly general" and therefore Michigan courts are afforded "considerable leeway" in its application. *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011).

Under Michigan law, a defendant commits first-degree criminal sexual conduct "if he engages in sexual penetration with another person who is at least 13 but less than 16 years old and the victim is a blood relation." Mich. Comp. Laws 750.520b(1)(b)(ii). "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of

any object into the genital or anal openings of another person's body."
*Id.*

The Michigan Court of Appeals held the victim's testimony sufficient to prove Johnson's guilt beyond a reasonable doubt, reasoning, in pertinent part:

> NJ's testimony supports defendant's convictions. She testified that defendant, her biological father, engaged in vaginal-penile penetration and vaginal-oral penetration with her when she was 15 years old. Her testimony did not need to be corroborated to constitute sufficient evidence supporting defendant's convictions. M.C.L. 750.520h; *People v. Lemmon*, 456 Mich. 625, 643 n. 22, 576 N.W.2d 129 (1998). Moreover, contrary to defendant's argument, NJ's testimony did not contravene her preliminary examination testimony or her statements to the police in any material respect.
>
> Although defendant relies on a November 8, 2006, letter purportedly written by NJ in which she asked to live with defendant in support of his argument, the letter does not contradict NJ's testimony. As the trial court recognized, nothing in the letter tends to show that defendant did not sexually assault NJ. Moreover, according to the date on the letter, it was written after only one of the sexual assaults occurred. NJ testified that the first assault occurred on July 28, 2006, and she did not thereafter return to defendant's residence until February 2007, before defendant committed the remaining sexual assaults. Thus, the letter does not tend to establish that NJ's testimony was untrue. In sum, the evidence was sufficient to support defendant's convictions.

19

*Johnson*, 2010 WL 673365 at *1.

"A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 558 U.S. 120, 133 (2010), (quoting *Jackson*, 443 U.S. at 326). The letter the victim purportedly wrote to her father does not, as the Michigan Court of Appeals noted, prove the assaults did not occur. The trier of fact reasonably could have concluded that the letter simply reflected a complicated relationship between the victim and her father. The decision of the Michigan Court of Appeals easily passes scrutiny under the deferential AEDPA standard, as the appellate court applied the correct constitutional test, relied on facts amply supported in the record, and did not unreasonably apply clearly established constitutional law.

Johnson's great weight of the evidence claim is meritless. In Michigan, a trial court may order a new trial "only where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *People v. Lemmon*, 456 Mich. 625, 642 (1998) (citation and internal quotation marks omitted). The grant of a new trial under these circumstances is distinct from the due process issues raised by insufficient evidence, and "does not implicate issues of constitutional magnitude." *Id*. at 634 n. 8. Thus, a claim that a verdict is against the great weight of the evidence alleges an error of state law, which is not cognizable on habeas review. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law").

## D.   Ineffective Assistance of Appellate Counsel Claim

Johnson argues that appellate counsel was ineffective in failing to raise on state court direct review the claims he raised for the first time on state court collateral review.

The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous

issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 & n.7 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

Johnson claims that appellate counsel was ineffective in failing to raise on direct review all the claims raised in his habeas petition. Petitioner has failed to show that these claims were potentially meritorious. Therefore, Petitioner cannot show that his appellate attorney was ineffective for failing to raise these claims on direct appeal.

### E.     Sentencing Claim

Finally, Johnson argues that he should be resentenced because offense variable 4 was improperly scored at ten points. "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner's argument that the state court erred in

22

scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). A claim that offense variables were improperly scored under state law is not cognizable on habeas corpus review. *See Coleman v. Curtin*, 425 F. App'x 483, 484-85 (6th Cir. 2011). Therefore, habeas corpus relief is not available for this claim.

## V.   Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## VI.   Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

Dated: January 29, 2015        s/Judith E. Levy

Ann Arbor, Michigan        JUDITH E. LEVY

United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 29, 2015.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager